ELIZABETH A. KANE  #4694
LAW OFFICE OF ELIZABETH A. KANE, LLC
P.O. BOX 1573
Honolulu, Hawaii 96806
Telephone:  (808) 525-6301
Facsimile:  (808) 525-6302
E-mail:  ekane@aloha.net

Attorney for Richard A. Yanagi, Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re: | ) | Bk. No.  09-2978 |
| | ) | (Chapter 7) |
| HONOLULU SYMPHONY | ) | |
| SOCIETY | ) | |
| | ) | DATE:    March 16, 2011 |
| Debtor. | ) | TIME:    2:00 P.M. |
| | ) | JUDGE:   ROBERT J. FARIS |
| | ) | |

TRUSTEE'S MOTION FOR: (1) AUTHORITY TO SELL PERSONAL PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS; (2) EMPLOY HERITAGE GLOBAL PARTNERS, AUCTIONEER; (3) REIMBURSE AUCTIONEER FOR EXPENSES UP TO $25,000 AND APPROVE COMPENSATION FOR AUCTIONEER; AND (4) APPROVE BIDDING PROCEDURES

**THIS MOTION AFFECTS THE PROPERTY RIGHTS OF HONOLULU CONTAINER SALES & RENTAL**

Richard A. Yanagi, duly appointed and acting Trustee herein, through his undersigned counsel, hereby files this above-captioned motion (the "Motion")

pursuant to 11 U.S.C. §§ 327 and 363, and Rules 2014 and 6004, F.R.Bk.P, and LBR 6004-1, and respectfully represents as follows:

BACKGROUND

1. This case commenced as a voluntary Chapter 11 bankruptcy case filed on December 18, 2009. The case was converted to a case under Chapter 7 on December 13, 2010. Thereafter, the Trustee was appointed.

2. The debtor is a non-profit corporation, and at the time of the bankruptcy petition, operated as a symphony orchestra. The assets of the estate include, among other things, a library of sheet music, and various musical instruments.

3. The Trustee has entered into an agreement, subject to this Court's approval, to employ Heritage Global Partners ("HGP"), auctioneers, to inventory and market the estate property. A true and correct copy of the agreement between the Trustee and HGP is attached as Exhibit "1" to the Declaration of Richard A. Yanagi, filed herewith.

4. The proposed agreement between the Trustee and HGP contemplates that in exchange for its services, HGP would receive a "Buyer's Premium" of 10% of the sale price for the purchase of any assets of the estate. The "Buyer's Premium" is to be paid by the purchaser or purchasers of the estate assets. In addition, HGP will be reimbursed its reasonable expenses, up to $25,000.00.

5. The Trustee desires to sell substantially all of the assets of the debtor, A description and inventory of the assets to be sold is attached as Exhibit "2" to the Declaration of Richard A. Yanagi.

RELIEF REQUESTED

6. By this motion, the Trustee respectfully requests that the Court enter its order, pursuant to 11 U.S.C. §§ 327, authorizing the Trustee to employ HGP on the terms and for the compensation set forth in Exhibit "1."

7. The Trustee also respectfully requests that he be permitted to pay HGP its Buyer's Premium and to reimburse it for its expenses from the proceeds of the sale, without further order of the Court.

8. The Trustee requests that he be authorized to sell the Property as described in Exhibit "2" to the highest bidder at the auction contemplated in Exhibit "1," and to approve bidding procedures for the sale of the Property.

9. Specifically, the Trustee contemplates an auction, to be held on or about March 17, 2011, with the conditions generally set forth in the agreement between the Trustee and HGP. All prospective bidders will be required to post a refundable deposit of $25,000.00 before being eligible to bid. The deposit would be refunded if the bidder is not the successful bidder at the auction. Before bidding, each bidder would also be required to sign a bid form in substantially the form attached as Exhibit "3" to the Declaration of Richard A. Yanagi, acknowledging

and agreeing to be bound by the terms set forth in this motion, and as they may be modified by the Court in a hearing on this motion. The minimum bid would be $200,000.00, exclusive of the Buyer's Premium due to HGP. The successful bidder would be given 48 hours from the conclusion of the auction to pay the Trustee in full by cashier's check for the items purchased. If the bidder fails to pay, the Trustee would have the right to retain the deposit, and sell the Property to the next highest bidder.

10. The sale in any event would be free and clear of all liens and interests. The Trustee is currently unaware of any liens on any of the Property except for a potential statutory landlord's or warehouseman's lien in favor of Honolulu Container Sales & Rental, for storage of a concert tent belonging to the debtor. To the extent this lien is valid and not avoidable, or any other party claims any lien on any of the property, the Trustee requests that the liens attach to the proceeds.

11. The Trustee anticipates that one or more persons may wish to make offers to purchase the Property in advance of the auction (and, indeed, has been engaged in negotiations with one such entity). In the event that an acceptable offer is received in an amount not less than the minimum bid set forth above, the Trustee requests that he be permitted to amend this motion to provide for the sale of the Property to that prospective buyer, subject to overbids at the auction contemplated in this motion, but with such conditions as are appropriate in light of the pending

offer, including, for example, minimum overbid amounts, and a possible break-up fee to be paid to the prospective purchaser.

12. Finally, the Trustee requests that the 14 day stay imposed by Rule 6004 not apply in this case.

13. A copy of the proposed Order Granting Trustee's Motion For: (1) Authority To Sell Personal Property Of The Estate Free And Clear Of Liens; (2) Employ Heritage Global Partners, Auctioneer; (3) Reimburse Auctioneer For Expenses Up To $25,000 And Approve Compensation For Auctioneer; And (4) Approve Bidding Procedures is attached as Exhibit "4" to the Declaration of Richard A. Yanagi.

This motion is supported more fully by the memorandum filed herewith, and the Court's records in this bankruptcy case.

DATED: Honolulu, Hawaii, February 16, 2011.

/s/ Elizabeth A. Kane
ELIZABETH A. KANE
Attorney for Richard A. Yanagi, Trustee