ELIZABETH A. KANE  #4694
LAW OFFICE OF ELIZABETH A. KANE, LLC
P.O. BOX 1573
Honolulu, Hawaii 96806
Telephone:  (808) 525-6301
Facsimile:  (808) 525-6302
E-mail:  ekane@aloha.net

Attorney for Richard A. Yanagi, Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re: | ) | Bk. No.  09-2978 |
| | ) | (Chapter 7) |
| HONOLULU SYMPHONY | ) | |
| SOCIETY | ) | |
| | ) | DATE: March 16, 2011 |
| Debtor. | ) | TIME: 2:00 p.m. |
| | ) | JUDGE: ROBERT J. FARIS |
| | ) | |

MEMORANDUM IN SUPPORT OF TRUSTEE'S MOTION FOR: (1) AUTHORITY TO SELL PERSONAL PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS; (2) EMPLOY HERITAGE GLOBAL PARTNERS, AUCTIONEER; (3) REIMBURSE AUCTIONEER FOR EXPENSES UP TO $25,000 AND APPROVE COMPENSATION FOR AUCTIONEER; AND (4) APPROVE BIDDING PROCEDURES

Richard A. Yanagi, Trustee herein, submits this Memorandum in support of his Motion for (1) Authority To Sell Personal Property Of The Estate Free And Clear Of Liens; (2) Employ Heritage Global Partners, Auctioneer; (3) Reimburse Auctioneer For Expenses Up To $25,000 And Approve Compensation

For Auctioneer; And (4) Approve Bidding Procedures (the "Motion") filed February 16, 2011.

Bankruptcy Code Section 363(b) provides in pertinent part that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. §363(b). Great judicial deference is given to the Trustee's exercise of business judgment. <u>In re Gulf States Steel</u>, 285 B.R. 497, 516 (Bankr.N.D.Ala.2002) (citing <u>In re Bakalis,</u> 220 B.R. 525, 531-32 (Bankr.E.D.N.Y.1998)).

Further, Section 363(f) provides in pertinent part that "[t]he trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if— . . . (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest."

In this case, the Trustee submits that a sale, under procedures outlined above, would be appropriate under Sections 363(b) and 363(f). In the Trustee's business judgment, the procedures outlined above would have the greatest likelihood of generating the highest possible sale price, at the lowest cost to the estate.

The property of the estate is currently stored in leased premises, the lease of which has expired on its own terms. The Trustee desires to sell the property as quickly as possible, so as to minimize the administrative expenses relating to the storage of the Property.

In addition, the Trustee requests that the sale be free and clear of liens, with the liens to attach to the proceeds of the sale. The only lien of which the Trustee is aware is a potential landlord's or warehouseman's lien in favor of Honolulu Container Sales & Rental, for storage of a concert tent belonging to the debtor. The amount of the purported lien is approximately $8,400.00. The proceeds of the sale thus far exceed the amount of the lien. The Court may therefore approve the sale free and clear of liens pursuant to 11 U.S.C. §363(f)(3).

Also, the purported lien is a statutory lien for rent, including periods from before the petition was filed commencing this case, and as such is avoidable pursuant to 11 U.S.C. §545.

The Court may also approve the employment of Heritage Global Partners ("HGP") and authorize the Trustee to pay HGP and reimburse it for its expenses from the proceeds of the sale, pursuant to 11 U.S.C. §327. HGP is experienced in conducting auctions on behalf of bankruptcy estates. The Trustee believes that the compensation, including the expenses, due to HGP is reasonable.

Among the assets of the estate, which the Trustee anticipates selling, would be the mailing lists and contribution lists of the debtor, a non-profit corporation. The Trustee is not aware of any privacy policy which would prohibit the transfer of personally identifiable information about individuals that are not affiliated with the debtor. Consequently, the Trustee may sell the debtor's mailing lists and contribution lists pursuant to 11 U.S.C. §363(b)(1) without the need to comply with 11 U.S.C. §363(b)(1)(A) or (B).

## CONCLUSION

For all the foregoing reasons, the Trustee respectfully requests that the Court grant this motion, and authorize him (1) to sell the Property free and clear of all liens and interests, with the lien to attach to the proceeds, (2) to employ Heritage Global Partners, auctioneer, (3) to reimburse Heritage Global Partners for expenses up to $25,000 and approve compensation for Heritage Global Partners of a Buyer's Premium in the amount of 10% of the successful bidder; and (4) to approve bidding procedures as set forth in the motion: (a) all prospective bidders will be required to post a refundable deposit of $25,000.00 before being eligible to bid; (b) the deposit would be refunded if the bidder is not the successful bidder at the auction;. (c) before bidding, each bidder would also be required to sign a bid form in substantially the form attached to the Motion as Exhibit "3," acknowledging and agreeing to be bound by the terms set forth in the Motion, and as they may be

modified by the Court in a hearing on the Motion; (d) the minimum bid would be $200,000.00, exclusive of the Buyer's Premium due to HGP; (e) the successful bidder would be given 48 hours from the conclusion of the auction to pay the Trustee in full by cashier's check for the items purchased; and (f) if the successful bidder fails to pay, the Trustee would have the right to retain the deposit, and sell the Property to the next highest bidder.

DATED: Honolulu, Hawaii, February 16, 2011

/s/ Elizabeth A. Kane
ELIZABETH A. KANE
Attorney for Richard A. Yanagi, Trustee